[No. 11599.   Department One. — July 1, 1887.]

## JOHN HANCOCK, RESPONDENT, v. GEORGE I. BURTON ET AL., APPELLANTS.

EJECTMENT — STATUTE OF LIMITATIONS — VERDICT — CONFLICT OF EVIDENCE. — In an action of ejectment, a verdict finding against the defendants on the defense of the statute of limitations will not be reversed on the ground that it is not justified by the evidence, if there is a substantial conflict in the evidence as to whether the defendants had occupied, claimed, and paid taxes on the demanded premises for such time and in such manner as would enable them to assert title under the statute.

ID. — DEFENDANTS JOINTLY SUED — DENIAL OF JOINT WITHHOLDING — JOINT JUDGMENT — SPECIFICATION OF ERROR. — Where the defendants in an action of ejectment who are sued jointly answer separately, claiming that they are not jointly withholding the entire demanded premises, but are severally in possession of specific portions thereof only, an error in rendering a joint judgment against them for the whole tract will not be considered on appeal, when there is no specification in the statement on motion for a new trial of the insufficiency of the evidence of a joint withholding.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*A. B. Paris, Henry M. Smith*, and *A. W. Hutton*, for Appellants.

*Curtis & Otis*, and *Barclay, Wilson & Redick*, for Respondent.

The COURT. — The plaintiff brought this action against the appellants and one Thomas M. Agers to recover the possession of a tract of land in San Bernardino County, containing 1,280 acres, with $500 damages for the withholding thereof, and $100 per annum from and after January 1, 1879, for rent and profits.

The defendants denied the plaintiff's ownership or right to the possession of the land, and denied that he

had been or would be damaged in the sums of money alleged, or in any sums, by reason of their withholding its possession, or on account of a loss of its rents and profits. They then set up that they were in possession of and holding separate parcels of the land, and that as to each one of them the plaintiff's cause of action was barred by the statute of limitations.

The case was tried before a jury, and a verdict was returned in favor of the plaintiff, but without damages, on which judgment was entered. The appellants moved for a new trial, and now prosecute this appeal from the judgment and an order denying their motion.

Two points only are made in support of the appeal: 1. That the verdict was not justified by the evidence; and 2. That the judgment was erroneously entered against each of the defendants for the possession of the entire tract, when it should only have been against each one for the parcel separately claimed by him.

1. We think there was ample evidence to support the verdict. The plaintiff showed clearly that he had title to the demanded premises, and there was at least a substantial conflict as to whether the defendants had occupied, and claimed, and paid taxes on their respective parcels for such time and in such manner as would enable them to assert title under the statute of limitations.

2. Conceding that the court erred in rendering a joint judgment against the defendants for the whole tract, still the error cannot be considered on this appeal.

Although the defendants answered severally, claiming that they were not jointly withholding the entire tract from the plaintiff, and that they were severally in possession of specific portions thereof only, the plaintiff was not precluded from proving his allegation that they were jointly in possession of the entire tract. It was so found by the jury, and there is no specification in the statement on motion for new trial of insufficiency of the evidence in this respect.

It follows that the judgment and order should be affirmed.

So ordered.

Hearing in Bank denied.